**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Shannon Pierce,

      Plaintiff

v.

Centennial Subaru, Inc.,

      Defendant

Case No.: 2:25-cv-02537-JAD-NJK

**Order Remanding Case to State Court and Closing Case**

Plaintiff Shannon Pierce filed this action in state court against Centennial Subaru, Inc., alleging that its service department delayed the return of her car.[1]  Subaru removed this action on diversity grounds, citing Pierce's demands for $90,000 damages resulting from being without a car and an additional $1,000,000 in "general damages for the past, present, and future pain and suffering."[2]  United States Magistrate Judge Nancy J. Koppe issued an order to show cause why this case shouldn't be remanded, reasoning that the complaint's allegations did not appear to support damages exceeding the amount-in-controversy threshold of $75,000.[3]  Subaru responded that, "after further review and based on the order to show cause, [it] agrees [that] this matter should be remanded to state court."[4]

Removal based on diversity jurisdiction requires that the opposing parties be citizens of different states and the amount in controversy exceeds $75,000.[5]  There is a strong presumption against removal jurisdiction—it "must be rejected if there is any doubt as to the right of removal

---

[1] ECF No. 1-2.

[2] ECF No. 1 at 2; *see also* ECF No. 1-2 at 5.

[3] ECF No. 6.

[4] ECF No. 8.

[5] 28 U.S.C. §§ 1332, 1441, 1446.

in the first instance."[6]  Though courts normally defer to the alleged damages in the complaint to determine whether the amount-in-controversy requirement is met, "bold and optimistic predictions[s]" untethered from the facts of the case cannot meet that requirement.[7]

Here, Pierce alleges in her complaint that service on her car was delayed and Subaru's employees gave her "the run around" every time she reached out for an update.[8]  It is unreasonable to infer that damages exceeded $75,000, let alone the $1,090,000 that Pierce demands, based on those facts.  Subaru does not dispute that this case was wrongfully removed because the amount-in-controversy requirement has not been met.  So I remand this case back to state court.

## Conclusion

IT IS FURTHER ORDERED that the Clerk of Court is directed to **REMAND this case back to the Eighth Judicial District Court, Department 24, Case No. A-25-930137-C**, and CLOSE THIS CASE.  This case returns to state court with no motions pending.

_____
U.S. District Judge Jennifer A. Dorsey
February 17, 2026

---

[6] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

[7] *Suber v. Reliance Nat'l Indem. Co.*, 110 F. Supp.2d 1227, 1232 (N.D. Cal. 2000); *see also Christensen v. N.W. Airlines, Inc.*, 633 F.2d 529, 530–31 (9th Cir. 1980).

[8] ECF No. 1-2 at 3–5.